Filed 4/29/14  Breliant v. Chase CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| GIANNA BRELIANT,<br><br>        Plaintiff,<br><br>        v.<br><br>GARY A. CHASE, an Incompetent Person, etc.,<br><br>        Defendant and Respondent;<br><br>LAWRENCE S. EISENBERG,<br><br>        Objector and Appellant. | B250145<br><br>(Los Angeles County<br>Super. Ct. No. EC057245) |

        APPEAL from an order of the Superior Court of Los Angeles County, Donna Fields Goldstein, Judge.  Affirmed.

        Eisenberg & Associates and Lawrence S. Eisenberg, in pro. per.; The Arkin Law Firm and Sharon J. Arkin for Objector and Appellant.

        Bonne, Bridges, Mueller, O'Keefe & Nichols and Joel Bruce Douglas for Defendant and Respondent.

Attorney Lawrence S. Eisenberg (appellant) appeals from a July 10, 2013 order imposing monetary sanctions of $6,000. (Code Civ. Proc., § 2023.030, subd. (a).) We reject his contentions and affirm.

## BACKGROUND

Appellant represents plaintiff Gianna Breliant in this case, which consists of two consolidated wrongful death actions.[1] Both actions are based on the December 11, 2004 drug overdose death of plaintiff's daughter, Amy Breliant.

The July 10, 2013 sanctions order was issued in conjunction with the denial of plaintiff's motion to compel the deposition of defendant and respondent Gary A. Chase, M.D. (Dr. Chase). The relevant facts are as follows:

In April 2013, plaintiff served Dr. Chase with a notice to appear for his deposition on May 14, 2013, and a request for production of documents. Dr. Chase filed a written objection (objection) claiming that: (1) the documents were previously produced; (2) the parties had agreed to take Dr. Chase's deposition after plaintiff's deposition, which had not yet occurred; and (3) due to his Parkinson's disease and dementia, Dr. Chase was "no longer able to meaningfully cooperate in his defense or provide responses under oath based upon any information percipient to him."

Dr. Chase's objection was supported by the May 6, 2013 declaration of his treating neurologist, Andrew Woo, M.D. (Dr. Woo), which stated as follows: When Dr. Woo began treating Dr. Chase in March 2004, he suspected a diagnosis of Parkinson's disease, but saw no signs of any significant cognitive impairment. By

---

[1]    Plaintiff's first action was filed on November 23, 2011, against defendants Stephen S. Marmer, M.D., Eric A. Lifshitz, M.D., and Gary A. Chase, M.D. (*Breliant v. Marmer* (Super. Ct. L.A. County, No. EC057245).) Plaintiff's second action was filed on August 23, 2012, against defendants Warren Boyd, Commerce Resources International, Inc., Darryl Fugihara, Seacliff Recovery Center, Carrie Fisher, and Jake Schmidt. (*Breliant v. Boyd* (Super. Ct. L.A. County, No. EC059174).)

2

December 2011, Dr. Woo observed sufficient lapses in memory and confusion to recommend that Dr. Chase retire from his profession as a psychiatrist. In early 2012, Dr. Chase "remained reasonably functional, demonstrating periods of notable lucidity." "However, over the past year Dr. Chase has experienced significant cognitive decline. At this time, he has functional problems in short and long term memory. He confabulates. He is no longer reliable in sorting fact from fiction or confabulation. He is not capable of providing meaningful and reliable information, much less now giving testimony under oath. Over the past year, his ability to assist counsel in his defense has dramatically declined to the point he cannot meaningful[ly] assist at all."

## I.    The May 29, 2013 Hearing

On May 29, 2013, the trial court heard several matters that involved questions concerning Dr. Chase's competency: (1) plaintiff's renewed motion to amend her complaint; (2) Dr. Chase's ex parte application for the appointment of a guardian ad litem (which he filed in response to plaintiff's ex parte application for a hearing concerning the appointment of a guardian ad litem for Dr. Chase) (Code Civ. Proc., § 372); and (3) plaintiff's ex parte application to hold a competency hearing at which Dr. Chase and Dr. Woo would be required to testify.

Before ruling on the above matters, the trial court read and considered Dr. Woo's declaration. The trial court's May 29 rulings, which are set forth below, were based on the information contained in Dr. Woo's declaration that Dr. Chase was no longer "capable of providing meaningful and reliable information, much less . . . giving testimony under oath."

Plaintiff's renewed motion to amend her complaint. On May 29, the trial court denied plaintiff's motion to amend on several grounds, including that Dr. Chase

3

would be prejudiced by an amendment "given his progressive cognitive impairment."**2**

Dr. Chase's request for the appointment of a guardian ad litem. On May 29, the trial court stated that it was "[p]reliminarily granting the application for the appointment of Mrs. Chase for Dr. Chase."

Plaintiff's request to schedule a competency hearing. On May 29, the court scheduled, at plaintiff's request, a July 11, 2013 competency hearing regarding Dr. Chase. The court stated that at the July 11 hearing, it would hear testimony from Dr. Chase's neurologist, Dr. Woo, and Dr. Chase's wife, Phyllis Chase, "who wishes to be the guardian."

As to plaintiff's request to have Dr. Chase testify at the July 11 hearing, the trial court stated at the May 29 hearing: "I am not going to bring Dr. Chase into court to demonstrate that he doesn't know what is going on." "Why do I need to bring the doctor and humiliate him?" "Even the probate court doesn't bring him in."

Plaintiff's counsel (Russell S. Balisok) pointed out that the "fundamental issue" was the reliability of Dr. Chase's attorney's representation that Dr. Chase was unable to participate in the litigation by verifying discovery responses or submitting to a deposition.

The trial court responded that the issues of Dr. Chase's ability to provide "meaningful or reliable information" and to testify "under oath" would be addressed by Dr. Woo at the July 11 hearing.

Plaintiff's counsel (appellant) was not satisfied with the court's reliance on Dr. Woo's testimony and requested to depose both "Dr. Wu [*sic*] and Dr. Chase" so "we can bring all the evidence before the court at the time of the ruling and the court will rule accordingly." The court implicitly denied the request to depose Dr. Woo and

---

**2**      The trial court found that the renewed request to amend was untimely, that an amendment would lead to demurrers and the further postponement of a trial that was originally scheduled to begin in January 2013, and that an amendment would be prejudicial to Dr. Chase "given his progressive cognitive impairment."

Dr. Chase by replying, "I will hold a hearing and allow the parties to examine Dr. Wu [*sic*] and Mrs. Chase."

## II.     The Temporary Stay of All Depositions

Following the May 29 hearing, the court imposed a temporary stay of all depositions. On June 14, 2013, the trial court "ordered that <u>none</u> of the currently scheduled depositions are to go forward and that <u>no</u> depositions shall take place in the consolidated case until, at the earliest, July 22, 2013."

## III.    Plaintiff's Motion to Compel Dr. Chase's Deposition and Request for Sanctions

On June 17, 2013, plaintiff moved to compel Dr. Chase's deposition and have neuropsychologist Erik Lande, Ph.D., conduct a neuropsychological assessment of Dr. Chase. Plaintiff's motion to compel was set to be heard on July 10, 2013, the day before the July 11 competency hearing.

In her moving papers, plaintiff stated in relevant part: "On April 3, 2013, Plaintiff timely served a Notice of Deposition of Dr. CHASE to take place on May 14, 2013 . . . .  On May 9, 2013, Defendant's counsel served a written objection to the CHASE deposition. [Dr. Chase's objection to the notice of deposition was based] on two grounds:  (1) Defendant CHASE 'is no longer able meaningfully to cooper[ate] in his defense or provide responses under oath based upon any information percipient to him . . . ; and (2) deposition/discovery priority." (Internal record reference omitted.)

Plaintiff argued that Dr. Chase's objection was legally unjustified, because the proper remedy was to "seek an appropriate protective order under C.C.P. § 2025.420." Plaintiff contended that Dr. Chase's attorney (Joel Douglas) had "unilaterally and improperly and unjustifiably appointed himself the sole arbiter of the scope of Plaintiff's discovery, by effectively proclaiming his client to be a disqualified witness under Evid.C. § 701. . . .  Whether Dr. CHASE is ultimately a disqualified witness under Evid.C. § 701 is solely a determination within the province

5

of this Court to decide."[3]  Plaintiff requested $8,010 in sanctions against Dr. Chase's attorneys for objecting to the notice of deposition and request for production of documents without seeking a protective order.

## IV. Dr. Chase's Opposition to Plaintiff's Motion to Compel and Request for Sanctions

In opposition to the motion to compel, Dr. Chase argued in relevant part as follows:  Plaintiff's motion to compel Dr. Chase's deposition was improper because the method for determining his competency had been decided at the May 29 hearing. According to the May 29 ruling, the court would determine Dr. Chase's competency at the July 11 hearing based on the testimony of Dr. Woo and Phyllis Chase; no testimony by Dr. Chase would be allowed at the July 11 hearing.  Plaintiff never raised the issue of a neuropsychological assessment at the May 29 hearing, nor was it mentioned in the May 29 order.  In order to amend the May 29 ruling, plaintiff must file a timely motion for reconsideration, which she failed to do.  (Code Civ. Proc., § 1008 [motion for reconsideration must be made within 10 days of service of written notice of entry and must be accompanied by a supporting affidavit].)

Dr. Chase contended that his objection to the notice of deposition was proper. He argued that plaintiff's motion to compel his deposition "flies in the face of the court's June 14, 2013 ruling that no depositions are to be taken until late July, and that plaintiff may not take testimony from Dr. Chase until the court has an opportunity to decide the question of Dr. Chase's competency at the very hearing plaintiff requested."  In addition, Dr. Chase argued that the motion to compel his deposition

---

**3**    Evidence Code section 701 provides:  "(a) A person is disqualified to be a witness if he or she is:  [¶] (1) Incapable of expressing himself or herself concerning the matter so as to be understood, either directly or through interpretation by one who can understand him; or [¶] (2) Incapable of understanding the duty of a witness to tell the truth.  [¶]  (b) In any proceeding held outside the presence of a jury, the court may reserve challenges to the competency of a witness until the conclusion of the direct examination of that witness."

6

was improper in light of the parties' agreement that plaintiff's deposition would be taken prior to Dr. Chase's deposition.

Dr. Chase requested $6,000 in sanctions against plaintiff and her attorneys under a number of statutes, including Code of Civil Procedure sections 2023.010 and 2023.030.[4]  These sections permit the court to award sanctions against a party and the party's attorneys for "[e]mploying  a discovery method in a manner or to an extent that causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense," or for making, "unsuccessfully and without substantial justification, a motion to compel . . . discovery."[5]  (Code Civ. Proc., § 2023.010, subds. (c), (h).)

## V.  The July 10, 2013 Order Denying Plaintiff's Motion to Compel and Granting Dr. Chase's Request for Monetary Sanctions

At the July 10 hearing on plaintiff's motion to compel, the trial court's tentative ruling (now final order) stated in relevant part:  "The Plaintiff appears to have filed this motion in bad faith for two reasons.  First, the Plaintiff filed the motion after the Court hearing on May 29, 2013 regarding appointing a guardian ad litem for

---

[4]     Section 2023.030, subdivision (a) provides:  "To the extent authorized by the chapter governing any particular discovery method or any other provision of this title, the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose the following sanctions against anyone engaging in conduct that is a misuse of the discovery process:  [¶]  (a) The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct.  The court may also impose this sanction on one unsuccessfully asserting that another has engaged in the misuse of the discovery process, or on any attorney who advised that assertion, or on both.  If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

[5]     Dr. Chase's counsel submitted a declaration stating that Dr. Chase had incurred $6,000 in attorney fees in responding to plaintiff's motion.

7

the Defendant, Gary Chase. At that hearing, the Court granted the Defendant's request to appoint his wife, Phyllis Chase, as his guardian ad litem based on evidence in the declaration of Andrew Woo, M.D., the treating neurologist for Gary Chase. In addition, the Court granted the Plaintiff's request for a hearing so that the Plaintiff's attorney could examine Dr. Woo regarding the ability of Gary Chase to provide testimony under oath and Dr. Chase's ability to cooperate with his attorney in his defense. In addition, the Court granted the Plaintiff's request to have Phyllis Chase to provide testimony at the hearing.

"A reasonable way to proceed would be to await the Court's determination at the July 11, 2013 hearing before setting a motion to compel the deposition of a witness when there is evidence that the witness is not capable of providing meaningful and reliable information and cannot 'sort fact from confabulation.' Instead, the Plaintiff's attorney filed the pending motion. The Plaintiff has offered no evidence whatsoever that Dr. Woo engaged in perjury when he offered his opinions. Although the Plaintiff is permitted to make extraordinary allegations in her pleadings based on information and belief, she must support her requests for Court orders with admissible evidence.

"It is reasonable to draw an inference from the following facts that the Plaintiff's attorney is engaged in litigation conduct to harass and annoy Gary Chase under the guise of zealously representing his client:

"1) the Court has appointed a guardian ad litem for Gary Chase;

"2) the Court has set a hearing to permit the Plaintiff's attorney to examine Dr. Woo and Phyllis Chase; and

"3) after the Court made the appointment and set the hearing, the Plaintiff filed the pending motion.

"A second ground to find that the Plaintiff filed this motion in bad faith is that on June 14, 2013 the Court issued an order that no scheduled depositions are to go forward and that no depositions will take place in the consolidated case until, at the earliest, July 22, 2013. Despite this express order barring further depositions, the

8

Plaintiff's attorney filed the pending motion to compel a deposition three days later, on June 17, 2013."

As to Dr. Chase's request for monetary sanctions, the trial court found that sanctions against plaintiff's counsel were warranted under Code of Civil Procedure sections 2023.010 (filing an unsuccessful motion to compel without substantial justification) and 2023.030 (employing a discovery method in a manner or to an extent that causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense). The trial court stated: "In the pending case, the Plaintiff's attorney has unsuccessfully filed a motion to compel the deposition of the Defendant, Gary Chase. The motion was made without substantial justification because, as noted above, the Court has appointed a guardian ad litem for Gary Chase, the Court has set a hearing on July 11, 2013 regarding the evidence of Gary Chase's mental capacity, and the Court barred any depositions in this case until, at the earliest, July 22, 2013. It is not justified to file a motion to compel a deposition when the Court is engaged in making a determination on the witness' capacity and when the Court has ordered that no depositions will go forward. Accordingly, the Court finds that the Plaintiff's attorney has misused discovery and that monetary sanctions should be imposed on him."[6]

---

[6] At the July 10, 2013 hearing, the following discussion occurred regarding the propriety of the motion to compel: "THE COURT: As I noted, I ordered a stay of discovery, had I not? [¶] [APPELLANT]: Yes, on June 14. I [was] advised that, although I was not present, Mr. Balisok was present for the plaintiff on the issue of the — [¶] THE COURT: You keep sending out discovery. [¶] [APPELLANT]: No, that's not correct, Your Honor. The notice of deposition of Dr. Chase was set — the deposition was set for May 14, a month before the court issued its order. [¶] THE COURT: Right. But it didn't happen, and then you moved to compel it after the discovery was stayed. [¶] [APPELLANT]: Well, your order said no depositions should take place until July 22. I appreciate that. I didn't intend to do anything in violation of that order; but the order didn't address filing a discovery motion; and the deposition that we want to compel of Dr. Chase can certainly be set at the court's discretion on July 22 or thereafter. I didn't ask for it before that, so that's not a violation of the court's order. [¶] THE COURT: Your motion is denied, one,

9

Appellant timely appealed from the July 10, 2013 order imposing monetary sanctions of $6,000.  (Code Civ. Proc., § 904.1, subd. (a)(12).)

## DISCUSSION

### I.     Standard of Review

"'"We review the trial court's ruling on a discovery sanction under the deferential abuse of discretion standard.  (*Vallbona v. Springer* (1996) 43 Cal.App.4th 1525, 1545.)' (*In re Marriage of Chakko* (2004) 115 Cal.App.4th 104, 108.)  'A court's decision to impose a particular sanction is "subject to reversal only for manifest abuse exceeding the bounds of reason."  (*Kuhns v. State of California* (1992) 8 Cal.App.4th 982, 988.)' (*Electronic Funds Solutions*, *LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183.)" (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1435.)

---

because it seeks an order during a discovery stay, and I think it's improper; and, two, I'm not going to order Dr. Chase to a deposition[,] particularly when you know that there is a hearing as to his competency.  He has a guardian ad litem, and you demanded a hearing as to his competency, and then after setting that . . . for . . . July 11 . . . I think that was entirely improper and in bad faith, when you know the court is going to hear whether or not he is competent to testify . . . ."

The trial court further stated:  "[I]f I find [Dr. Chase] is incompetent, I'm not going to subject him to a deposition . . . if I find he has cognitive dysfunction and can't tell facts from fantasy, which is what Dr. Woo has said."  Appellant responded that Dr. Woo's declaration "appears to indicate that Dr. Chase has cognitive impairment, [but that] doesn't make [it] conclusive that he cannot testify.  [¶]  THE COURT:  Sir, you have a hearing on that.  That's what is going to happen next.  There will be no orders until then.  [¶]  [APPELLANT]:  But Dr. Woo is not the final decision maker.  [¶]  THE COURT:  The court is.  The court is."  Appellant later stated:  "But you haven't ordered Dr. Chase to be present.  That herein is the problem.  [¶]  THE COURT:  I'm not going to order Dr. Chase to be present because I'm not going to put Dr. Chase on the stand at this hearing.  [¶]  [APPELLANT]:  How do we know that Dr. Chase can't testify?  How do we know that unless we hear from him?  [¶]  THE COURT:  I only know from his doctor."

10

"'In addition, if the trial court reached its decision after resolving conflicts in the evidence, or inferences that could be drawn from the evidence, we review those factual findings to determine whether they are supported by substantial evidence. [Citation.]'  (*County of Los Angeles v. Superior Court* (2006) 139 Cal.App.4th 8, 12.)"  (*Pomona Valley Hospital Medical Center v. Superior Court* (2012) 209 Cal.App.4th 687, 692-693.)

## II.    The Trial Court's Finding That Appellant Misused the Discovery Process Is Supported by Substantial Evidence

Appellant contends the trial court's finding that he misused the discovery process is not supported by substantial evidence.  We disagree.

In his opposition, Dr. Chase requested sanctions under numerous statutes, including Code of Civil Procedure sections 2023.010 and 2023.030, which allow the court to impose monetary sanctions against a party and the party's attorneys when they misuse the discovery process by "[e]mploying  a discovery method in a manner or to an extent that causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense," or by making, "unsuccessfully and without substantial justification, a motion to compel . . . discovery."  (Code Civ. Proc., § 2023.010, subds. (c), (h).)  In granting Dr. Chase's request for sanctions, the trial court found that plaintiff did not have substantial justification to schedule the motion to compel to be heard prior to the July 11 hearing because:  (1) the dispute as to Dr. Chase's competency was scheduled to be heard at the July 11 hearing; (2) the court had previously denied plaintiff's request to require Dr. Chase to testify at the July 11 hearing; and (3) the court had stayed all depositions until July 22, 2013.

Appellant contends the denial of plaintiff's motion to compel Dr. Chase's deposition was legally unjustified and the notice of Dr. Chase's deposition was proper "under Code of Civil Procedure Section 2017.010 *regardless of whether CHASE lacks mental capacity, and/or may later be adjudged a disqualified witness under Evidence Code § 701.*"

11

The issue, however, is not whether plaintiff is entitled to take Dr. Chase's deposition at some future date, but whether appellant lacked substantial justification to schedule the motion to compel to be heard for the purpose of seeking a ruling on the issue of Dr. Chase's deposition on the day before the July 11 hearing at which Dr. Woo and Mrs. Chase would testify as to Dr. Chase's competency.  Even though appellant knew that the court would not allow Dr. Chase's deposition to be taken prior to July 22, 2013, he nevertheless scheduled the motion to compel to be heard on July 10, before the court had an opportunity to hear Dr. Woo and Mrs. Chase testify.  On this record, appellant reasonably should have known that seeking a court order on July 10 to compel Dr. Chase to testify was unjustified because the court was planning to hear Dr. Woo's testimony on July 11 as to Dr. Chase's ability to provide "meaningful or reliable information" and to testify "under oath."

## III.    The Trial Court Did Not Abuse Its Discretion in Imposing Sanctions

Appellant contends the trial court's order imposing monetary discovery sanctions contains "fatally irreconcilable factual inconsistencies."  Appellant points to two different passages which he claims are inconsistent because, in his view, the first passage states that a guardian ad litem was appointed because Dr. Chase was found to be incompetent at the May 29 hearing, while the second passage states that Dr. Chase's competency would not be decided until the July 11 competency hearing.[7]

We disagree with appellant's reading of the first passage.  As previously stated, the trial court appointed a guardian ad litem at the May 29 hearing only on a preliminary basis, subject to any changes resulting from the July 11 competency

---

[7]    The first passage states:  "First, the Court found on May 29, 2013 that Dr. Chase lacks the capacity to represent himself and that a guardian ad litem should be appointed.  The Plaintiff offers no legal authority that would permit her to depose a witness who lacks capacity to represent him or herself."

The second passage states:  "It is not justified to file a motion to compel a deposition when the Court is engaged in making a determination on the witness' capacity and when the Court has ordered that no depositions will go forward."

12

hearing. Because the issue of Dr. Chase's competency was not fully adjudicated at the May 29 hearing, the first passage is not inconsistent with the second passage. We read both passages to mean that *if* Dr. Chase is found incompetent at the July 11 competency hearing, the guardian ad litem appointment would remain in place.

Next, appellant contends there was no valid basis to impose sanctions. We are not persuaded. Where, as here, an unsuccessful motion to compel a deposition is brought without substantial justification, the trial court is authorized to award monetary sanctions against the party or the party's attorney under Code of Civil Procedure section 2023.030, subdivision (a). For the reasons discussed above, we conclude that regardless whether plaintiff is entitled to take Dr. Chase's deposition at some future date, the record contains sufficient evidence to support the trial court's finding that appellant lacked substantial justification to schedule the motion to compel for the day before the July 11 competency hearing.

## IV.    Dr. Chase's Request for Sanctions on Appeal Is Denied as Untimely

In the respondent's brief, Dr. Chase requests sanctions against appellant for filing a frivolous appeal. (Code Civ. Proc., § 907, Cal. Rules of Court, rule 8.276(a)(1).) After appellant objected in the reply brief that Dr. Chase did not file a separate motion or supporting declaration, Dr. Chase filed a separate motion for sanctions on March 3, 2014.

We conclude the motion was untimely. According to California Rules of Court, rule 8.276(b), the motion must be served and filed no later than 10 days after the appellant's reply brief is due. Under rule 8.212(a)(3), the reply brief is due within 20 days after the respondent's brief is filed. In this case, the respondent's brief was filed on December 20, 2013, which means the motion, which was filed more than two months later, was untimely.

13

## DISPOSITION

The order imposing monetary sanctions is affirmed.  Dr. Chase shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.\*

We concur:

WILLHITE, Acting P. J.

MANELLA, J.

---

\*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.